**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLEN M. KUNZ, | Civil Action No. 16-8817 (BRM) |
| Petitioner, | |
| v. | **OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE:**

Before this Court is the petition for a writ of habeas corpus ("Habeas Petition") of Petitioner Allen M. Kunz ("Petitioner") brought pursuant to 28 U.S.C. § 22541 in which he seeks to challenge his 1985 conviction for, *inter alia*, felony murder. (Civ. No. 16-8817, ECF No. 1.) The Court is required to screen the Habeas Petition pursuant to Rule 4 of the rules governing § 2254 cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Also before the Court is Petitioner's motion for a stay of the Habeas Petition. (Civ. No. 16-8817, ECF No. 2.) For the reasons set forth below, the Habeas Petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and his motion for a stay is **DENIED AS MOOT**.

### I.   BACKGROUND

Petitioner is a convicted state prisoner currently serving a life sentence with a thirty-year period of parole ineligibility, arising out of his 1985 conviction for felony murder, first-degree robbery, and possession of a weapon for an unlawful purpose. (Civ. No. 16-8817, ECF No. 1 at

1.) Petitioner previously filed a direct appeal of his conviction in state court, which was ultimately denied by the New Jersey Supreme Court. (*Id.*at 1-14). Petitioner also previously filed a petition for a writ of habeas corpus in the Federal District Court for the District of New Jersey. (*Id.*at 1-14; *see also Kunz v. Morton*, Civ. No. 97-2717). On October 9, 1997, the Honorable Anne E. Thompson, U.S.D.J., dismissed that habeas petition with prejudice and denied Petitioner a certificate of appealability. (Civ. No. 97-2717 at ECF Nos. 7 & 8.) Petitioner appealed that dismissal, and the Third Circuit denied him a certificate of appealability in July 1998. (Civ. No. 97-2717 at ECF No. 12.) Petitioner thereafter filed several post-conviction relief petitions in the state courts, to no avail. (Civ. No. 16-8817, ECF No. 1 at 1-14.)

On or about November 28, 2016, Petitioner filed the instant Habeas Petition. (*Id.*) In this Habeas Petition, Petitioner argues pursuant to *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (holding that mandatory life without parole for juvenile offenders under 18 at the time of their crime is unconstitutional), and *Montgomery v. Louisiana*, 136 S Ct. 718 (2016) (applying *Miller* retroactively to cases on collateral review), his life sentence was unconstitutional because he was under 18 at the time of his offenses. Petitioner has also filed a motion for a stay of the Habeas Petitionm, pending exhaustion of his new claims in the state courts. (Civ. No. 16-8817, ECF No. 2.)

## II.   LEGAL STANDARD

Pursuant to Rule 4 of the rules governing § 2254 cases, this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F. 3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*,132 S. Ct. 2148, 2151 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 125 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be

correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III.  DECISION

Petitioner seeks to challenge his sentence based on his contention that it was rendered illegal pursuant to *Miller* and *Montgomery*. However, Petitioner has previously filed a habeas petition with this Court, which was dismissed with prejudice by Chief Judge Thompson. Pursuant to the AEDPA, this Court's jurisdiction over a second or successive § 2254 petition is limited. Specifically, 28 U.S.C. § 2244(b)(3)(A) requires a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider the application," before he may file a second or successive petition with the district court. Rule 9 of the rules governing § 2254 proceedings likewise requires that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition." Absent authorization from the appropriate court of appeals, in this case the Third Circuit, this Court lacks jurisdiction over a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (district court "never had jurisdiction to consider" successive petition where the petitioner "did not seek or obtain authorization to file in the District Court"); *Blystone v. Horn*, 664 F. 3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar"). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F. 3d 128, 139 (3d Cir. 2002).

Petitioner has previously filed a habeas petition in this court, which was dismissed with prejudice, therefore, this Habeas Petition is second or successive. Importantly, Petitioner's prior petition was dismissed with prejudice, meaning it was not dismissed based on a "technical or procedural deficienc[y]," which could have been cured before refiling. *See, e.g., McDaniels v. Power*, Civ. No. 08-3221, 2008 WL 2704821, at *3-4 (D.N.J. July 7, 2008). As such, Petitioner has already been provided a "full and fair opportunity to raise a [federal] collateral attack" to his conviction and any subsequent habeas petition is by definition second or successive. *See, e.g., id.*; *see also Murray v. Granier*, 394 F. 3d 78, 80-81 (2d Cir. 2005) (decision on the merits of first petition, including where first petition was dismissed as time-barred or decided in a manner that could not otherwise be cured by refiling, renders second petition subject to second or successive jurisdictional bar; any dismissal of a petition which presents a "permanent and incurable" bar to federal relief is a decision on the merits sufficient to trigger second or successive bar). Therefore, this Court is without jurisdiction to hear Petitioner's current claims absent authorization from the Third Circuit, which Petitioner has not, as of yet, acquired. *See Robinson*, 313 F. 3d at 139.

If a district court lacks jurisdiction over a habeas petition, the court must either dismiss the petition without prejudice or transfer the matter to the appropriate Court of Appeals, if to do so would be "in the interests of justice." *Id.* Here, a transfer to the Court of Appeals would only be in the interests of justice if Petitioner has alleged sufficient facts to "bring his petition within the gatekeeping requirements" of [the habeas statute] permitting 'second or successive' petitions." *Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. May 21, 2010). Pursuant to the AEDPA, a claim will only fall within those requirements if either (1) it relies on a new rule of constitutional law made retroactive to cases on collateral review, (2) the factual predicate for the claim could not have been discovered previously through due diligence, or (3) the facts underlying the claim are

5

sufficient to establish that no reasonable factfinder would have found the applicant guilty absent the alleged constitutional error. 28 U.S.C. § 2244(b)(2)(A)-(B)(ii).

Here, Petitioner asserts his Habeas Petition falls within the first of those three requirements, arguing his claim arises under *Miller*, which was made retroactive by *Montgomery*. This assertion is problematic, however, because Petitioner does not allege a *Miller* claim in his Habeas Petition. In *Miller*, the Supreme Court did not render all life sentences for juvenile offenders unconstitutional. The Supreme Court instead held "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment." 132 S. Ct. at 2460. The Supreme Court's holding in *Miller* was expressly limited to statutory schemes which *require* that a juvenile offender receive life without parole without any consideration of other factors, such as the juvenile's age and maturity. *Id.* at 2469. In that regard, the Court explicitly declined in *Miller* to determine whether life without parole for juvenile offenders itself is unconstitutional, instead declaring only a mandatory sentence of such without consideration of individualized factors ran afoul of the Eighth Amendment. *Id. Montgomery* likewise merely applied *Miller* retroactively to collateral cases, and did not expand the level of relief available under *Miller*. 136 S. Ct. at 735-36. Indeed, the *Montgomery* Court explained a *Miller* error could be corrected by "permitting juvenile offenders to be considered for parole."

In this Habeas Petition, Petitioner has not alleged a *Miller* claim. Petitioner does not claim that he received a sentence of life without parole, or that the statutory scheme under which he was sentenced required such a sentence. Instead, by Petitioner's own admission, he received a life sentence with a parole disqualifier of thirty years. (Civ. No. 16-8817, ECF No. 1 at 1.) Therefore,

Petitioner became eligible for parole after thirty years in prison,[1] and his case does not fall within the limited constitutional rule enunciated in *Miller* and applied retroactively in *Montgomery*. As such, the Habeas Petition does not present a claim based on a newly recognized constitutional right, but instead presents a claim that goes beyond any such established right.

Petitioner's second or successive Habeas Petition does not fall within the gatekeeping requirements of § 2244, and consequently, it would not be in the interests of justice to transfer this matter to the Court of Appeals. *Hatches*, 381 F. App'x at 137. Accordingly, the Habeas Petition is dismissed without prejudice for lack of jurisdiction. Because this Court does not have jurisdiction to hear the Habeas Petition, Petitioner's pending motion for a stay of his Habeas Petition is likewise dismissed as moot.

## IV.    CONCLUSION

For the reasons stated above, the Habeas Petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and Petitioner's motion for a stay is **DENIED AS MOOT**. An appropriate order will follow.

Date:  January 4, 2017                    /s/ Brian R. Martinotti
                                          **HON. BRIAN R. MARTINOTTI**
                                          **United States District Judge**

---

[1] In fact, Petitioner apparently has already received a parole board hearing on his parole eligibility, at which he was denied parole. *See Kunz v. New Jersey State Parole Bd.*, 2016 WL 6311241, at *1 (N.J. App. Div. Oct. 28, 2016). As such, he cannot argue *Miller* error in light of the fact that the Court expressly stated in *Montgomery* that parole consideration would remedy such error.